# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Eric Humphries,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>USA,<br><br>　　　　　　Defendant. | Civil No. 3:19-CV-00649 (JAM)<br><br><br><br>March 26, 2020 |

## **SETTLEMENT CONFERENCE ORDER**

This case is scheduled for an in-person settlement conference on Friday, June 5, 2020 at 10:00 a.m. with the Honorable Thomas O. Farrish, United States Magistrate Judge. Parties and counsel shall report to the East Courtroom, 2nd Floor, 450 Main St., Hartford, CT. In advance of the conference, the Court enters the following orders:

**1.    Pre-conference exchange of settlement proposals**

The conference is not intended to discourage the parties from settling the case on their own. Accordingly, plaintiff's counsel is directed to serve a written settlement demand upon defendant's counsel by May 19, 2020. The demand shall be accompanied by a written damages analysis containing "a computation of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii). Defendant's counsel is directed to serve a written settlement offer upon plaintiff's counsel by May 22, 2020.

Each written demand and offer shall set forth any material, non-monetary terms of the proposed settlement, such as confidentiality, non-disparagement, and/or the execution of a release extending beyond the claims asserted in the complaint (*i.e.,* a "global" release). If either party contends that the monetary portion of the proposed settlement would be subject to a lien, its written proposal shall include a statement of the nature and amount of the lien.

**2.    Settlement conference memoranda**

Counsel for each party must submit to Judge Farrish a confidential, *ex parte* settlement memorandum by 5:00 p.m. on Friday, May 29, 2020. The memorandum shall not exceed twelve double-spaced pages in length and should be submitted via e-mail to: TOF_settlement@ctd.uscourts.gov.

Each party's memorandum shall include:

(a) the essential facts of the case; where material facts are disputed, the memorandum should explain the evidence that the party expects to offer at trial;

(b) the legal elements of the claims and defenses asserted;

(c) the nature and amount of the damages claimed, and a brief summary of the evidence that the party expects to offer at trial on damages issues;

(d) the status of discovery, to include a statement of the discovery that remains to be done and the time required to complete it;

(e) a list of any motions contemplated;

(f) a summary of settlement negotiations to date, including the offer and demand referenced in Section 1 above;

(g) the nature and amount of any lien that will apply (or is alleged to apply) to any settlement;

(h) any material, non-monetary terms that the party will be seeking in a settlement agreement;

(i) a list of all persons who will attend the conference on behalf of that party, including job titles if pertinent to the case; and

(j) identification of any unusual issues or problems that may be expected to arise.

If counsel feels that exhibits are necessary to the Court's understanding of the case, a reasonable number of exhibits may be submitted along with the memorandum. Judge Farrish will have read the operative pleadings by the time of the conference, so those pleadings should not be attached as exhibits. If the exhibits exceed twenty pages, counsel shall send a tabbed, hard copy set of exhibits to Chambers for arrival no fewer than five business days before the conference. Exhibits should be submitted only when necessary and are not a substitute for a well-composed memorandum.

**3.    In-person attendance**

**The Court orders the parties to be present at the conference.** In the case of the defendant, a representative who is fully authorized to decide all matters pertaining to the case must be present. The Court does not consider the appearing attorney to be a party representative for this purpose. The Court will not hold a settlement conference unless all required attendees are present.

Requests for permission to attend by telephone are discouraged and will not be granted unless (a) exigent circumstances exist and (b) the request is made well in advance of the conference. Failure to comply with these in-person attendance requirements may result in the imposition of sanctions.

**4.     Other orders**

Continuances will be granted only for good cause clearly shown. If a continuance is requested, counsel making the request must first consult with counsel for all other parties and, in the event a continuance is granted, must notify all parties of the new date and time.

On March 24, 2020, Chief Judge Underhill issued a General Order In Re: Court Operations Under the Exigent Circumstances Created by COVID-19. That order continued virtually all in-person civil proceedings scheduled through May 15, 2020. If the Court extends its order, such that non-essential in-person civil proceedings scheduled for June 5, 2020 are likewise continued, this conference will automatically be deemed continued and the parties' counsel are directed to call Judge Farrish's law clerk at 860-240-3605 to reschedule.

The scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery unless the Court has issued a separate order to that effect.

If the case is resolved after the issuance of this Order, but before the settlement conference, the parties shall promptly report the settlement to Judge Farrish's Chambers.

**5.     Summary of deadlines set by this order**

Plaintiff's settlement proposal to be served on defendant by: May 19, 2020

Defendant's settlement proposal to be served on plaintiff by: May 22, 2020

*Ex parte* settlement memoranda due to Judge Farrish by: 5:00 p.m., May 29, 2020

Settlement conference at: 10:00 a.m., Friday, June 5, 2020

It is so ordered.

*/s/ Thomas O. Farrish*
Thomas O. Farrish
United States Magistrate Judge